## Stuart v. Sterling Lumber Co. et al.

*Isaac S. Grossman* and *Butler, Beatty, Greer & Johnson,* for plaintiff.

*Paul Lane Ives,* for defendants.

SWENEY, J., June 12, 1951.—This case was tried before Sweney, J., without a jury. Counsel for both sides requested the right to file suggested findings, which have now been filed, and the matter is now ready for a decision.

From the testimony, we find the following facts:

1. Plaintiff, T. Walter Stuart, a resident of Villanova, Delaware County, Pa., is a minority stockholder of defendant corporation, being the owner of 35 shares of stock.

2. Defendant, Sterling Lumber Company, is a corporation organized and existing under the laws of the State of Pennsylvania, having its registered or principal place of business at 6325 Market Street, Millbourne, Delaware County, Pa.

3. The other defendants, Frederick A. Dudley, Jr., president, and Elizabeth Grant, secretary and treasurer, have their offices in the office of defendant corporation and have possession of the books and papers of the corporation.

4. Plaintiff is one of the partners in a partnership doing business since January 1, 1950, under the registered name of T. Walter Stuart and Company, which is a competitor of defendant corporation in the business of buying and selling lumber.

5. Plaintiff was employed by defendant corporation for more than 19 years prior to October 1949 and from 1940 to October 1949 he was vice president and sales manager of defendant corporation.

6. Prior to his separation from defendant plaintiff assisted his son in conducting a wholesale lumber business in competition with defendant and solicited employes of defendant to do the same.

7. Prior to his separation from defendant, plaintiff solicited employes of defendant to leave its employ and to engage in business with plaintiff in competition with defendant.

8. No evidence was produced to show mismanagement, impairment of capital, unlawful contracts, ultra vires acts, excessive salaries or any reasonable purpose which would give the right to plaintiff to examine defendant's books.

### Discussion

As this court said in the opinion dismissing the preliminary objections, inspection cannot be denied because a company fears that an inspection will supply knowledge of the inner workings of the company or will divulge details of the business to a competitor. An examination is proper to discover improper business practices, impairment of capital, ultra vires acts of officers and whether contracts are proper or not. Ruination of defendant's business or the compelling of defendant to purchase plaintiff's stock at a high value will not stop an examination. But, good faith has always been the basis of dealings and is important in this case.

Plaintiff says he must look at the books and papers of defendant so he may ascertain the value of his stock, whether the corporation is being conducted properly, whether it is necessary to restrain officers from acts of mismanagement, from impairment of capital, to prevent ultra vires acts, to determine the salaries paid to executives and to learn the nature and extent of certain contracts. A thorough reading of the plaintiff's testimony fails to disclose one particle of testimony

which would lead anyone to believe that the company was not being well managed. Plaintiff had been in the employ of defendant for 19 years and from 1940 had been vice president and sales manager; he alleges no facts which, during the period of his employment, would lead to the belief that the company was not properly managed and operated. On the other hand, the proof is overwhelming that plaintiff was planning for his own company, while still employed by defendant, which planning contemplated taking employes and customers from defendants.

The Act of May 5, 1933, P. L. 364, sec. 308(*b*), 15 PS §2852-308 gives every stockholder the right to examine the books and records of the company "for any reasonable purpose." We do not believe the purpose of plaintiff herein is reasonable.